Stephen R. Hormel
Hormel Law Office, L.L.C.
17722 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Facsimile: (509) 926-4318

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE THOMAS O. RICE)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) 2:CR-19-170-TOR |
| Plaintiff, | ) |
| | ) REPLY TO UNITED STATES ON |
| vs. | ) MOTION FOR HEARING TO |
| | ) SET CONDITIONS OF RELEASE, |
| NORMAN CLARY, | ) FOR SUPPLEMENTAL PRE- |
| | ) TRIAL SERVICES REPORT |
| | ) |
| Defendant. | ) |
| | ) |

NORMAN CLARY, through counsel, STEPHEN R. HORMEL for Hormel

Law Office, LLC, submits the following reply to the Government's response (ECF

No. 41 Under Seal) on the motion for a hearing to set conditions of release

pending sentencing, and to order a Supplement Pretrial Services Report.  (ECF

No. 39).

On November 5, 2019, Mr. Clary waived a detention hearing "but reserved

the right to revisit the issue of the detention should circumstances change."  (ECF

No. 15).  Thus, Magistrate Rodgers entered an order granting the government's

Reply on Motion to Review Detention
and to Set Conditions of Release

1

motion for detention and ordered Clary to be held pending trial.  (ECF No. 18).

On November 21, 2019, Clary through counsel Partovi, filed a motion for pretrial release.  (ECF No. 20).  That motion was based on the fact that Mr. Clary had pending charges in Grant County Superior Court with a court date of December 10, 2019, and Clary wanted to appear for those court proceedings. (ECF No. 20 at 2).  Clary later withdrew that motion due to the fact that Clary remained held on the Grant County charges and could not secure release from jail if his motion for pretrial release before the Magistrate was granted.  (ECF No. 23). Thus, Mr. Clary has yet to have a bail hearing, even though he reserved the right if circumstances change.

As indicated in the original motion,

> [a] change in circumstances has occurred with Mr. Clary that justifies a hearing for the Court to determine whether Mr. Clary may be released pending sentencing.  At the time of Clary's bail hearing in January, Mr. Clary was pending charges in Grant Court Superior Court in Ephrata, Washington for possessing the same firearms that are the subject of this prosecution.  This Counsel represented Mr. Clary in the Grant County case also.  That case was dismissed on May 19, 2020 due to Mr. Clary's guilty plea in this case.

(ECF No. 39 at 1-2).

In addition,

> Mr. Clary has an aging father, 86 years of aging with medical issues.  With an anticipated prison sentence, Mr. Clary's father may not be around upon his release from prison.  In addition, Mr. Clary's older brother passed away at his father's home ON May 23, 2020,

Reply on Motion to Review Detention
and to Set Conditions of Release

2

losing his battle with multiple sclerosis.  This has placed additional stress on Mr. Clary's father, and the family.  *Id.* at 2.

The government objects to release, and in doing so, appears to imply that Clary possessed over 100 firearms.  (ECF No. 41 at 2 and 4).  A vast majority of the firearms were seized from Donald Clary's residence, Mr. Clary's father. Donald Clary claimed ownership of all firearms in seized from his residence, and disowned the firearms found in the garage.  (ECF 41, Exhibit B at 7).

Law enforcement listed the firearms located in the garage that "Norman Clary admitted having direct access to:"

> Harrington and Richardson shotgun
> Remington 22 caliber bolt action rifle inside safe
> Benelli 12 gauge shotgun inside safe
> Ruger revolver 22 caliber in black case on south wall
> New England Arms shotgun 12 gauge in a black tote on south wall
> Marlin 22 caliber rifle model 60 in black case on south wall
> Ruger bolt action rifle 270 caliber found in black tote on south wall
> Semi automatic 270 rifle browning brand found in black tote on south wall
> Savage Model 170 pump action rifle found in a black tote on south wall
> Marlin model 60 22 caliber semi automatic rifle found in a black rifle case on south wall (ECF No. 41, Exhibit B at 8).

State of Washington charged Mr. Clary with possessing 10 firearms. Attachment 8-14.[1]  Since the list above included 10 firearms, presumably those are

---

[1]    The State Information also includes two counts of possessing a controlled substance with intent to manufacture or deliver.  Attachment at 13-14.  The state-court judge found probable cause only for simple possession on those two counts, and

the firearms the State concluded were possession by Mr. Clary.

Count 1 of Clary's Indictment involves his sale of a .22 caliber rifle to an informant. (ECF No. 41, Exhibit A). This firearm was locked in a safe with other firearms. The remaining of the 10 firearms were stored in the garage with no indication that any of the firearms were loaded when they were found. (ECF No. 41, Exhibit B).

The evidence establishes that Clary possessed the firearms for collection or for lawful sporting purposes. Clary maintains that his Sentencing Guideline offense level should be a 6 under U.S.S.G. § 2K2.1(b)(2). It is also anticipated that due to the fact that much of Clary's past criminal history is not counted, his criminal history could be as low as a Category II, resulting in a guideline range of 0 to 6 months incarceration after a reduction for acceptance of responsibility. Mr. Clary has already served 8 months in jail since his arrest on October 3, 2019. The time already serviced is in excess of the top end of the guideline range should this Court determine that the § 2K2.1(b)(2) offense level applies.

This scenario gives Mr. Clary every incentive to appear for Court for sentencing, even if the Court ultimately determines at sentencing, after reviewing of all material, that Mr. Clary's guideline range is greater than 0 to 6 months incarceration. This should weigh heavily in favor of release pending sentencing

_____

did not find probable cause for the trafficking offenses. Attachment 15-17.

since Mr. Clary may have already served greater than a high end of his guideline range sentence.

The government claims that Renee Clary is either a witness or a co-defendant and that should prevent Mr. Clary's release.  (ECF No.  41 at 3-4).  Mr. Clary pleaded guilty and the government no longer needs her for a witness at trial. Furthermore, Renee Clary's prior criminal history should not preclude Mr. Clary from obtaining conditions of release.   Finally, Renee Clary facilitated law enforcement's seizure of the firearms in the safe.  (ECF No. 41, Exhibit B).  In addition, she cooperated fully with law enforcement.  She indicated to counsel that she would call US Probation if she observes Mr. Clary violating any condition of release.

The government raises a past substance abuse problem.  A condition of taking urinalysis tests would appropriately address this concern.  In addition, the government references controlled substance located in Clary's trailer and on his person the day of his arrest.  (ECF No. 41 at 5) and (ECF No. 41, Exhibit B at 6 and 8).  This was a small quantity and not in proximity to the firearms located in the garage.  *Id.*

Mr. Clary does have a past criminal history.  (ECF No. 22).  However, his last brush with the law was June 2011, a misdemeanor.  *Id*. at 7.  Mr. Clary's background does include a fourth degree assault (gross misdemeanor) and a

Reply on Motion to Review Detention
and to Set Conditions of Release

protection order violation.  Those offenses occurred nearly 12 years ago.

Mr. Clary's last felony conviction occurred in 2005.  (ECF No. 22 at 4).
During those proceedings, Clary did not fail to appear for court. *Id.*

The combination of circumstances meet the burden set forth in 18 U.S.C. § 3143(a).  Those circumstances include Clary's dad's failing health, the need to be with his family during this period of grief due to the recent loss of his brother, and the fact that Mr. Clary may have served already an amount of jail time beyond a possible guideline range.  All of these circumstance will ensure his appearance for sentencing, and ensure safety of the community.  Additional conditions, such as home detention and GPS monitoring could further address any concerns.

Therefore, it is requested that the Court set a hearing to set conditions of release.  In preparation for that hearing, it is requested that the Court order a supplemental PTSR to assist the Court in verifying residence and background.

Dated:  June 9, 2020.

Respectfully Submitted,


*s/ Stephen R. Hormel*
WSBA #18733
Hormel Law Office, L.L.C.
17722 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Facsimile: (509) 926-4318
Email: steve@hormellaw.com

1

2

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2020, I electronically filed the foregoing

3

4

with the Clerk of the Court using the CM/ECF System which will send

5

notification of such filing to the following: Caitlin Baunsgard, Assistant United

6

States Attorney.

7

8

9

_s/ Stephen R. Hormel_

WA 18733

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Reply on Motion to Review Detention
and to Set Conditions of Release

7