Stephen R. Hormel
Hormel Law Office, L.L.C.
17722 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Facsimile: (509) 926-4318

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE THOMAS O. RICE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>NORMAN CLARY,<br><br>    Defendant. | 2:CR-19-170-TOR<br><br>RESPONSE TO PRESENTENCE INVESTIGATION REPORT |

NORMAN CLARY, through counsel, Stephen R. Hormel for Hormel Law Office, LLC, submits the following response to the Presentence Investigation Report:

**Objection # 1** - Offense Conduct - ECF No. 43 at 7-8, ¶ 24.

The PSI states "Norman Clary admitted to having direct access to the detached garage where law enforcement discovered the following firearms:"

    a) Harrington and Richardson, model Topper, 12-gauge shotgun, bearing serial number BB415085;

    b) Weapon made from a Shotgun, approximately 21 inches full length, 13-inch barrel, unknown manufacturer

Response to PSI

1

(Stevens), model Ranger 101.6, 20-gauge shotgun, bearing serial number 22879;

c) Ruger, New Model Single Six, .22 caliber revolver, bearing serial number 262-29230;

d) New England Arms Co. model Pardner SB-1, 12-gauge shotgun, bearing serial number 341913;

e) Marlin, model 60, .22 caliber rifle, bearing serial number 96401276;

f) Ruger, model M77, .270 caliber rifle, bearing serial number 77267668;

g) Browning, model BAR II., 270 caliber rifle with scope, bearing serial number 107NT01480;

h) Savage, model 170, 30-30 caliber pump action rifle, bearing serial number A499875;

i) Marlin, model 60, .22 caliber rifle, bearing serial number 12400411; and

j) Savage/Stevens, model 15, unknown caliber rifle, bearing no serial number.

Clary was interviewed twice by Detective Ledeboer and Officer Ramirez of the Moses Lake Police Department. Attachment at 1-10.[1] In a second interview, Mr. Clary admitted to the officers he had access to firearms in the detached garage. The report from the Moses Lake Police Department states:

> The following items were taken from the detached garage which Norman Clary admitted having direct

---

[1] The Attachment will be filed under seal since it is discovery.

Response to PSI

2

        access to :

        Harrington and Richardson shotgun

        Remington 22 caliber bolt action rifle inside safe

        Benelli 12 gauge shotgun inside safe

        Ruger revolver 22 caliber in black case on south wall

        New England Arms shotgun 12 gauge in a black tote on south wall

        Marlin 22 caliber rifle model 60 in black case on south wall

        Ruger bolt action rifle 270 caliber found in black tote on south wall

        Semi automatic 270 rifle browning brand found in black tote on south wall

        Savage Model 170 pump action rifle found in a black tote on south wall

        Marlin model 60 22 caliber semi automatic rifle found in a black rifle case on south wall

Attachment at 7-8.

    The list of firearms Clary admitted to having access does not include the "[w]eapon made from a Shotgun, approximately 21 inches full length, 13-inch barrel..." and he denied knowledge of the Savage/Steven as referenced in ¶ 24 of the PSI. Clary denied knowledge of the other firearms located in the detached garage. Attachment at 7.

    It is requested that the statement of facts strike the list of firearms currently in ¶ 24, and include the list from detective Ledeboer's report. He conducted the

Response to PSI

3

interviews with Clary. It makes a significant difference in calculating the base offense level, and an enhancement, as set out below.

**Objection # 2 -** <u>Base Offense Level ECF No. 43 at 11, ¶ 43 & Destructive Devise 2 Level Enhancement ECF No. 43 at 11, ¶ 45.</u>[2]

The PSI sets a base offense level of 20 on the basis that Clary's offense involved a firearm described in 26 U.S.C. ¶ 5845(a), the Stevens short barreled shotgun. (ECF No. 43 at 11, ¶ 43).[3] As set forth above, this firearm is not contained in the list of firearms determined by the interviewing officers to be attributed to Clary due to his statement that he had access specified firearms, and denied knowledge of the other firearms in the detached garage. Attachment at 7-8.

---

[2] The objection combines both the base offense level and the destructive device enhancement since both rests on the same set of facts. In addition, the combination of the two increases in the total offense level bases on these facts require a clear and convincing standard of proof because of the huge impact they have in combination for increasing Clary's sentencing guideline range.

[3] Paragraph 43 also lists a .22 caliber Savage Arms, Inc., Stevens Model 62. This firearm is not a firearm as described in 26 U.S.C. § 5845(a). It is the firearm that forms the factual basis for Count 1, the count Clary pleaded guilty to pursuant to the plea agreement. (ECF No. 5 at 1).

Response to PSI
4

The circumstances in this case are similar to the circumstances in *United States v. Cazares*, 121 F.3d 1241 (9th Cir. 1997).  In *Carzares*, the Ninth Circuit found evidence insufficient to establish possession of firearms.  *Id.* at 1245-46.  The Ninth Circuit held contrary to the district court's finding of possession, stating,

> The findings of the district court were clearly erroneous. Parra Cazares was only one of a number of residents of the apartment, and the government has not contended that the other residents of the apartment were members of the conspiracy. The government did not offer facts to support a finding that Parra Cazares knew of the guns' existence or was in any way connected with them, by ownership, fingerprints, or otherwise. It did not even prove that the guns were found in the bedroom occupied by Parra Cazares. On the record below, it cannot be found by a preponderance of the evidence that Parra Cazares, rather than any of the other occupants (who are not alleged to be co-conspirators), had possession of the weapons. Accordingly, we VACATE the sentence and REMAND for resentencing.

*Id.*

The particular shotgun in questions was located in a detached garage.  At least four other individuals resided at that property, including Clary's father and sister.  Clary denied knowing of this particular firearm and no other information connects him to that firearm other than his ability to access the detached garage where other firearms were located.  These circumstances are insufficient to establish possession of the short-barreled shotgun.

Response to PSI

5

*Cazares*, is distinguishable in one important aspect. In *Cazares*, the Ninth Circuit applied the preponderance of evidence standard. The 6 level increase in the base offense level requires a clear and convincing standard of proof. It is also required when the offense level is also enhanced by 2 levels for possession of a destructive devise under U.S.S.G. § 2K2.1(b)(3)(B). *See*, *United States v. Valle*, 940 F.3d 473 (9th Cir. 2019).

*Valle* sets out the general test for determining when the clear and convincing standard of proof at sentencing is required. *Id.* at 479. This test is summarized in *United States v. Jordan*, 256 F.3d 922 (9th Cir. 2001). The test is:

> (1) whether the enhanced sentence falls within the maximum sentence for the crime alleged in the indictment; (2) whether the enhanced sentence negates the presumption of innocence or the prosecution's burden of proof for the crime alleged in the indictment; (3) whether the facts offered in support of the enhancement create new offenses requiring separate punishment; (4) whether the increase in sentence is based on the extent of a conspiracy; (5) whether the increase in the number of offense levels is less than or equal to four; and (6) whether the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial sentencing guideline range in a case where the defendant would otherwise have received a relatively short sentence.

*Valle*, 940 F.3d at 479 (quoting *Jordan*, 256 F.3d at 928).

*Valle* recognized that the first four factors are not very helpful in the equation. *Valle*, 940 F.3d at 479. Ninth Circuit decisions are favoring a test that

relies heavily on the last two factors, the number of level increase and if the increase more than doubles the sentencing range. *Id.* at 479-80.

In this cases the 6 level increase in the base offense level, coupled with the 2 level increase adds 8 levels to the base offense level. Without consideration of any other adjustments, the guideline range is increased from 15 to 21 months to 41 to 51 months.

Here the parties have stipulated to a 2 level increase because a firearm was stolen. (ECF No. 37 at 5). Additionally, the parties are recommending a 3 level decrease for acceptance of responsibility. *Id* at 5-6. If 4 levels are added for number of firearms, an 8 level increase for the short-barreled shotgun would result in a sentencing range of 46 to 57 months from a 24 to 30 month range, resulting a a high-end range more than double than the low end of 24 months.

In this case, the clear and convincing standard of proof should apply. However, as in *Cazares*, even under a preponderance of evidence standard of proof, the evidence is not sufficient to justify enhancing the base offense level, nor sufficient to apply the destructive device enhancment.

Therefore, it is requested that the Court set the base offense level at the agreed level in the plea agreement, a base offense level of 14. (ECF No. 37 at 5).

**Objection # 3** - Obstruction of Justice ECF No. 43 at 11, § 49.

The PSI concludes that an obstruction of justice 2 level enhancement should

Response to PSI

7

apply based on the following:

> Sometime between August 28 and September 11, 2019, Mr. Clary went to the property where the CI was staying and, while he/she was sleeping, threatened him/her through another individual. This individual had a close relationship with the CI and told the CI's significant other that the defendant had gone to the property and asked to see the firearm the CI had purchased from him. Mr. Clary then told the individual if the CI did not show him the firearm later that day, the CI would have problems. Additionally, the CI heard through friends that Mr. Clary would put a hit out on him/her if the cops ever showed up to his house. He told the CI's friends he would say the CI brought the rifle to his house and he did not sell the CI the rifle.

(ECF No. 43 at 9, ¶ 35).

These facts contain multiple layers of hearsay. First, an unknown friend of the CI's unnamed significant other, apparently told the CI's unnamed significant other, who then told the CI, who then told the agent, who then passed this multi-layered hearsay to the prosecutor.

Generally, the Confrontation Clause does not apply at a sentencing hearing. *United States v. Vera*, 893 F.3d 689, 692 (9th Cir. 2018). However, information sought to be considered by the district court must have a "sufficient indicia of reliability to support its probable accuracy." *Id.* (quoting U.S.S.G. § 6A1.3(A)). Thus, "a trial court violates a defendant's due process rights by relying upon materially false or unreliable information at sentencing." *United States v. Hanna*, 49 F.3d 572, 577 (9th Cir.1995). Furthermore, "a district court abuses its

Response to PSI

8

discretion whenever it relies on materially false or unreliable information at sentencing." *United States v. Hernandez,* 795 F.3d 1159, 1166 (9th Cir. 29015) (citing *Hanna*, 49 F.3d at 577).

Nothing in the report indicates any minimal indicia of reliability to support the accuracy of the information from CI. The information apparently came from a friend, who heard from a friend, who heard from a friend. *See*, *United States v. Pimentel-Lopez*, 859 F.3d 1134, 1144 (9th Cir. 2016) ("hearsay statements have not been 'sufficiently corroborated ... to provide the minimal indicia of reliability necessary to qualify the statements for consideration by the district court during sentencing'") (quoting *United States v. Berry*, 258 F.3d 971, 977 (9th Cir. 2001)); *see also*, *United States v. Fennell*, 65 F.3d 812, 814 (10th Cir. 1995) ("Unsworn out-of-court statements made by an unobserved witness and unsupported by other evidence form an insufficient predicate for a sentence enhancement...").

Therefore, the 2 level enhancement for obstructing should not apply.

**Objection # 4 -** <u>Base Offense Level Should Be Decreased to 6</u>.

Without application of base offense level 20, the Court may apply U.S.S.G. § 2K2.1(b)(2). That section specifies that a defendant whose base offense level is 14 or less may qualify for a reduced offense level of 6 if the defendant possessed "all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or

ammunition..." U.S.S.G. § 2K2.1(b)(2).

Here, the evidence shows that Clary had a collection of firearms. The only firearm he discharged was the firearm sold to the CI, target practicing to show the CI the firearm worked. The evidence here establishes that Clary possessed the firearms solely for sporting purposes, and/or for collection.

An offense level of 6, decreased to 4 for acceptance of responsibility, results in a guideline range of 0 to 6 months in jail. Since Mr. Clary has already served over 6 months in the Spokane County Jail, it is requested that the Court impose a credit for time served sentence.

Should the Court not apply the 6 level offense level, then it is requested that the Court calculate a base offense level of 14; increase the offense level to no more than18 for number of firearms; increase by 2 levels for a stolen firearm; and reduce the offense level of 20 by 3 levels for acceptance of responsibility. This results in a total offense level of 17.

In criminal history category I, the resulting guideline range is 24 to 30 months in prison. It is requested that the Court impose no more than a 24 month term in prison.

In addition, Mr. Clary was arrested on October 3, 2019. He was taken into federal custody on November 5, 2019. (ECF No. 43 at 3, ¶ 5). The companion State charges were dismissed. It is requested that the Court ensure that Mr. Clary

Response to PSI

10

receive credit for time served from October 3, 2019.  It is unclear if he will receive the 33 days in custody under BOP calculations since he was not in federal custody until November 5, 2019.

Dated:  June 21, 2020.

Respectfully Submitted,

*s/ Stephen R. Hormel*
WSBA #18733
Hormel Law Office, L.L.C.
17722 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Facsimile: (509) 926-4318
Email: steve@hormellaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Caitlin Baunsgard, Assistant United States Attorney.

*s/ Stephen R. Hormel*
WA 18733