UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NORMAN CARL CLARY,<br><br>Defendant. | NO. 2:19-CR-0170-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Emergency Motion for Sentence Reduction. ECF No. 61. The Government has submitted its opposition, ECF No. 63, and Defendant has submitted his reply, ECF No. 64. The Court has reviewed the record and files herein, the completed briefing, and is fully informed.

**BACKGROUND**

On April 30, 2020, Defendant Norman Carl Clary appeared before the Court and entered a plea of guilty to Count 1 of the Indictment filed on October 17, 2019, charging him with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922, 924. ECF Nos. 37, 38. On July 22, 2020, Defendant was

sentenced to, inter alia, a 33-month term of imprisonment, followed by a 3-year term of supervised release.  ECF No. 58.  Defendant had been detained and was then remanded to the custody of the U.S. Marshal for service of his sentence.  *Id.*

Defendant is currently incarcerated at FPC Duluth (Duluth, Minnesota) with an anticipated release date of February 3, 2022.

On October 28, 2020, Defendant submitted to the Warden of FPC Duluth a request for compassionate release.  ECF No. 61 at Ex. C.  Defendant's administrative request was not granted.  *See id.* at Ex. A.

On December 11, 2020, Defendant filed the instant motion seeking compassionate release.  ECF No. 61.  Defendant seeks to have his sentence reduced to time served and impose a term of supervised release equal to the unserved potion of his previous term of imprisonment, with a special condition that he remain confined to home confinement and/or ordered to serve community service if the Court so desires.  *Id.* at 24.  He explains that his hypertension, rheumatoid arthritis, high cholesterol, and heart conditions are likely CDC high risk factors and his inability to social distance, all constitute extraordinary and compelling reasons for a sentence reduction.  He contends that he cannot provide self-care within the prison environment and risks serious complications from contracting COVID-19.  ECF Nos. 61, 64.  He contends he presents as a low recidivism risk.  *Id.*

# DISCUSSION

## A.  Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community.  18 U.S.C. § 3582(c)(1)(A).  Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The

1    Sentencing Guidelines instruct that the Court should consider the sentencing

2    factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate

3    release, and that the Court should not grant a sentence reduction if the defendant

4    poses a risk of danger to the community, as defined in the Bail Reform Act.

5    U.S.S.G. § 1B1.13.

6        The Sentencing Commission's policy statement on sentence reduction

7    mirrors the language of the compassionate release statute, but it has not yet been

8    updated to reflect the procedural changes implemented by the First Step Act.

9    U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been

10    updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")])

11    may move for compassionate release, courts have universally turned to U.S.S.G.

12    § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that

13    may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-

14    LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

15    The sentence reduction policy statement outlines four categories of circumstances

16    that may constitute "extraordinary and compelling reasons" for a sentence

17    reduction: (1) the defendant suffers from a medical condition that is terminal or

18    substantially diminishes the defendant's ability to provide self-care in a

19    correctional environment; (2) the defendant is at least 65 years old, is experiencing

20    a serious deterioration in health due to the aging process, and has served at least 10

years or 75% of his or her term of imprisonment; (3) family circumstances

involving the death or incapacitation of the caregiver of the defendant's minor

child or the incapacitation of the defendant's spouse or registered partner; or (4)

other reasons, other than or in combination with the other listed circumstances, that

are extraordinary and compelling.  U.S.S.G. § 1B1.13, Application Note 1.  Here,

Defendant's motion will be analyzed under the catch-all provision, "other reasons"

that are "extraordinary and compelling."

### B. Exhaustion or Lapse of 30 days

The Government concedes Defendant has exhausted his administrative

remedies.  ECF No. 63 at 12.  Accordingly, the Court finds Defendant has

exhausted his administrative remedies.

### C.  Extraordinary and Compelling Reasons

Defendant, now age 56, contends that his medical conditions put him at

serious risk for complications from COVID-19.

The Government has submitted Defendant's medical records.  ECF No. 63-1

(under seal).  Based on the medical records provided, the Court finds that

Defendant's current medical conditions are being monitored and managed with

medication.  Defendant is not currently diagnosed with a terminal illness, nor does

he suffer from any debilitating injury or disease.  Defendant contracted COVID-19

in September of 2020 and has fully recovered.  Defendant is fully capable of self-

care and full functionality.  Defendant's medical conditions are stable.  None of Defendant's medical conditions, either individually or in combination, rise to a level of severity which would warrant compassionate release, nor are they so serious individually or in combination that COVID-19 presents a major risk factor.

Whether Defendant is housed in prison or detained at home, the virus continues to spread throughout society.  Fear of the virus does not warrant immediate release.  In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

D. **Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release.  18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant; and
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—

(A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i)  issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)  any pertinent policy statement—

(A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors.  At sentencing, Defendant's total offense level was 17 and presented a criminal history category of I.  This directed an advisory guideline range of 24 to 30 months of imprisonment.  The Court expressly varied from the advisory range to impose a 33-month sentence, which was sufficient but not greater than necessary

to comply with the purposes and goals of sentencing, specifically considering the Defendant's long history of alcohol and drug use, extensive criminal history that resulted in only 1-point (category I), the number of firearms and ammunition involved, the need to protect the public, and Defendant's agreement that he should be sentenced to 33-months (ECF No. 57).

Once again, the Court has fully considered these factors in light of the information Defendant recently provided.  Of particular note is the nature and circumstances of the offense in this case.  This was not a simple, one time event, it involved a significant number of firearms and ammunition collected over a long period of time.  The Court is obligated to protect the public from defendant's serious and dangerous conduct.  The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct.  Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

E. **Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant contends that he poses no risk to the community but his criminal history tells another story.  Despite repeated prior convictions, Defendant continued his criminal conduct.

## CONCLUSION

Defendant has shown no extraordinary or compelling reason to modify the sentence that has been imposed.  The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Emergency Motion for Sentence Reduction, ECF No. 61, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** February 3, 2021.



THOMAS O. RICE
United States District Judge